## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE T. BOLDEN, | ) |
| | ) |
| | )   C.A. No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Trial by Jury Demanded. |
| THE CITY OF WILMINGTON, A Municipal | ) |
| Corporation of the State of Delaware, | ) |
| | ) |
| Defendants**.** | ) |

## **COMPLAINT**

1. Plaintiff, Stephanie T. Bolden ("Plaintiff"), is an individual and resident of the State of Delaware.

2. Defendant The City of Wilmington (the "City") is a Delaware municipal corporation.

### Nature of the Action

3. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fifth and Fourteenth Amendments of the United States Constitution, and under the common law of the State of Delaware against the City of Wilmington.

4. Plaintiff alleges that the City of Wilmington deprived her of her Constitutional right to property without due process of law.

5. Plaintiff further alleges that Defendant negligence caused her to incur damages to her property.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

this action arises under 42 U.S.C. § 1983, and supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear claims arising under state law.

7. This Court has personal jurisdiction over Defendant because the City of Wilmington is a municipality of the State of Delaware and the injury alleged in this Complaint occurred in the State of Delaware. Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## Facts

8. At all times relevant hereto, Plaintiff has been the owner of certain real estate with improvements thereon erected known as 610 East 11th Street; Wilmington, DE 19801 (the "Bolden Property").

9. Beginning January 14, 2014 and at all relevant times hereto, the City owned real property with the improvements thereon erected known as 608 East 11th Street; Wilmington, DE 19801 (the "City Property").

10. The City Property is adjacent to the Bolden Property, and the two properties share a common wall.

11. Over several years, Plaintiff complained repeatedly to the City about the City Property including that the City Property had been boarded up, vacant, and in severe disrepair for many years and that vagrants, drug users, and other non-resident transient individuals regularly occupied the City Property.

12. The City failed to act to remedy the situation.

13. The City's failure to respond to Plaintiff's numerous complaints was so flagrant as to constitute a commission, and an affirmative act.

14. On or about August 7, 2017 a fire originated in the City Property.

15. The fire at the City Property caused substantial damage to the Bolden Property in the approximate amount of $75,000 (such amount to be proven at trial).

16. But for the City's ignoring of Plaintiff's repeated complaints about the condition of the City Property, Plaintiff would not have experienced the substantial damage to the Bolden Property.

## COUNT ONE – DEPRIVATION OF RIGHT TO PROPERTY WITHOUT DUE PROCESS OF LAW

17. The allegations of paragraphs 1 through 16 are restated and incorporated herein.

18. The City's failure to maintain the City Property and blatant ignoring of Plaintiff's complaints about the property violated Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution to be free from governmental deprivation of her property without due process of law.

## COUNT TWO – NEGLIGENCE

19. The allegations of paragraphs 1 through 18 are restated and incorporated herein.

20. Defendant was negligent in that it failed to secure the City Property so as to prevent entry by vagrants, drug users, and other non-resident transient individuals.

21. Defendant was further negligent in that it failed to address and respond to Plaintiff's repeated complaints about the condition of the City Property.

22. Defendant was further negligent in it failed to repair and maintain the City Property so as to prevent the fire from occurring.

23. But for Defendants' negligence, the Bolden Property would not have been damaged as a result of the fire at the City Property.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests:

a. An award of compensatory damages against Defendants;

b. Reasonable attorneys' fees, pre-and-post-judgment interest, and the costs of this action;

c. Damages in the amount of $75,000, or an amount to be proven at trial; and

d. Such other and further relief as this Court deems appropriate.

**LOSCO & MARCONI, P.A.**

/s/ Geena Khomenko George
Geena Khomenko George (Del. Bar ID #6251)
1813 North Franklin Street
P.O. Box 1677
Wilmington, DE 19899
(302) 656-7776
ggeorge@delaw.org

Attorneys for Plaintiff
Stephanie T. Bolden

Date: January 9, 2018