# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE T. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-74 CJB |
| | ) | |
| THE CITY OF WILMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CITY OF WILMINGTON'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

<div style="text-align:right">

Aaron C. Baker, Esquire (No. 5588)
CITY OF WILMINGTON LAW DEPARTMENT
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2186
acbaker@wilmingtonde.gov
*Attorney for Defendant City of Wilmington*

</div>

Dated: February 14, 2018

W0098147.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS .......... 1

SUMMARY OF ARGUMENTS .......... 2

STATEMENT OF FACTS .......... 3

ARGUMENT .......... 4

I. COUNT ONE OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CITY UNDER SECTION 1983 CLAIM. .......... 4

A. Legal Standard for Dismissal for Failure to State a Claim. .......... 4

B. Plaintiff Does Not Allege that Any Policy or Custom of the City Caused Her Alleged Constitutional Deprivation as Required by the U.S. Supreme Court's Decision in *Monell v. Dept. of Soc. Svcs. of the City of New York* .......... 5

C. In Any Event, Plaintiff Does Set Forth a Plausible Claim that Her Constitutional Rights Were Violated. .......... 7

II. COUNT TWO OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CITY FOR NEGLIGENCE. .......... 9

A. The City is Immune from Suit for Negligence .......... 9

B. Plaintiff Has Not Alleged Facts Necessary to Establish a Legal Duty Owed to Plaintiff by the City. .......... 13

CONCLUSION .......... 16

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................4, 9

*Berg v. Cty. of Allegheny*, 219 F.3d 261, 274 (3d Cir. 2000) ..................................................9

*Brown v. Muhlenberg Twp.*, 269 F.3d 20 (3d Cir. 2001) .........................................................6

*Carswell v. Burough of Homstead,* 381 F.3d 235 (3d Cir. 2004) ............................................6

*Castellani v. Del. State Police*, 751 A.2d 934 (Del. Super. 1999) .................... 13, 15

*Collins v. City of Harker Heights,* 503 U.S. 115 (1992) ..........................................................5

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ..............................................................7

*Daniels v. Williams*, 474 U.S. 327 (1986) ...............................................................................9

*Fiat Motors of N. Am. v. Wilmington*, 498 A.2d 1062 (Del. 1985) .......................................11

*Fiat Motors of N. Am. v. Wilmington*, Civil Action No. 82-691 CMW, 1987 U.S. Dist. LEXIS 7529 (D. Del. Aug. 20, 1987) ..........................................................10

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ..................................................4, 5

*Harris v. Quickform Concrete Co.*, LLC, No. 03C-10-243WCC, 2007 Del. Super. LEXIS 58 (Super. Ct. Mar. 2, 2007) ......................................................................11

*Heaney v. New Castle Cty.*, 672 A.2d 11 (Del. 1995) ..............................................................9

*Horvat v. State OMB*, Civil Action No. S16C-03-003 RFS, 2017 Del. Super. LEXIS 546 (Del. Super. Oct. 30, 2017) ..............................................................14

*Johnson v. Indian River School Dist.*, 723 A.2d 1200 (Del. Super. 1998) ....... 13, 14

*McTernan v. City of York*, 564 F.3d 636 (3d Cir. 2009) ..........................................................7

*Miller v. City of Phila.*, 174 F.3d 368 (3d Cir. 1999) ..............................................................7

*Monell v. Dept. of Soc. Svcs. of the City of New York*, 436 U.S. 658 (1978) ............5

*Moore v. Wilm. Hous. Auth.*, 619 A.2d 1166 (Del. 1993). ............................... 11, 12

*Rochin v. California*, 342 U.S. 165 (1952) ............................................................. 7

*Triple C Railcar Serv. v. City of Wilm.*, 630 A.2d 629 (Del. 1993) ....................... 11

*Triple C Railcar Serv., Inc. v. Wilmington*, C.A. No. 90C-FE-101, 1992 Del. Super. LEXIS 426 (Del. Super. Sept. 17, 1992) ............................................................. 10

*UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003) ................ 8

*Vanasek v. Duke*, 511 S.E.2d 41 (N.C. App. 1999) ................................................. 13

*Windley v. Potts Welding & Boiler Repair Co.*, Civil Action No. 94-432-SLR, 1996 U.S. Dist. LEXIS 693 (D. Del. Jan. 18, 1996) ........................................... 12

*Wolff v. McDonnell*, 418 U.S. 539 (1974) ............................................................... 7

*Zak v. GPM Invs., LLC*, Civil Action No. K12C-02-010 JTV, 2013 Del. Super LEXIS 166 (Del. Super. Apr. 30, 2013 ................................................................ 14

**Statutes**

10 *Del C.* § 4011(a) ............................................................................................. 9, 10

10 Del. C. § 4010 *et seq.* ........................................................................................... 9

10 *Del. C.* § 4012 .................................................................................................... 11

11 *Del. C.* § 822 ..................................................................................................... 12

**Rules**

Federal Rule of Civil Procedure (the "Rule(s)") 12(b)(6) ......................................... 4

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

On January 1, 2018, Plaintiff Stephanie T. Bolden filed her *Complaint* with the Court initiating the above-captioned action (the "Complaint").[1] The Complaint asserts claims against Defendant City of Wilmington ("the City") for negligence and under 42 U.S.C. § 1983 ("Section 1983") for the alleged deprivation of Plaintiff's Constitutional right to substantive due process.[2]  Both of Plaintiff's claims arise from a fire that allegedly originated within City-owned property and spread to Plaintiff's adjoining property causing damage thereto.  Plaintiff is seeking monetary damages in an amount to be proven at trial, but which may be in the approximate amount of $75,000.[3]

On February 14, 2017, the City filed its *Motion to Dismiss Plaintiff's Complaint* (the "Motion").  This is the City's opening brief in support of the Motion.

---

[1]  *See generally* Compl. [D.I. 1].
[2]  *Id.* ¶¶ 3-4.
[3]  *Id.* ¶ 15 and *ad damnum* clause.

W0098147.

## **SUMMARY OF ARGUMENTS**

I. Count One of Plaintiff's Complaint, which attempts to set forth a claim against the City for damages under Section 1983, does not allege any conduct for which the City can be liable. Specifically, Plaintiff does not allege that a policy or custom of the City caused her alleged constitutional deprivation as required by the United States Supreme Court's decision in *Monell v. Dept. of Soc. Svcs. of the City of New York*. In any event, Plaintiff's Section 1983 claim merely seeks to set forth an alternative theory for recovery based on the same facts of her negligence claim for which there is no constitutional protection.

II. Count Two of Plaintiff's Complaint, which attempts to set forth a claim for negligence against the City, is barred by Delaware's County and Municipal Tort Claims Act which grants immunity to the City for such claims. In addition, Plaintiff does not present facts from which the Court could even infer the application of any exception to the City's statutorily-granted immunity. Finally, Plaintiff's negligence claim must fail because she has failed to allege that the City owed her a legally recognized duty – a necessary element of any claim of negligence.

## **STATEMENT OF FACTS**

The City and Plaintiff separately own two adjoining parcels of real property with improvements located at 608 E. 11th Street (the "City Property") and 610 E. 11th Street (the "Bolden Property") in Wilmington, Delaware.[4] The City became record owner of the City Property on January 14, 2014.[5] Thereafter and prior to August 7, 2017, Plaintiff alleges she repeatedly complained to the City about the condition of the City Property – namely, that it had been boarded up, was vacant, was in disrepair, and had been unlawfully occupied by "vagrants, drug users, and other non-resident transient individuals."[6] Plaintiff, however, does not identify the dates, specific content, or to whom her complaints were directed. Plaintiff alleges that the City did not respond or otherwise act in response to Plaintiff's complaints.[7]

Plaintiff further alleges that, on or about August 7, 2017, a fire that originated within the City Property and resulted in substantial damage to Plaintiff's property.[8] From this, Plaintiff concludes that the City is responsible for the damage her property.[9]

---

[4] Compl. ¶¶8-10. For the purposes of this brief, and consistent with the standard for dismissal under F.R.C.P. 12(b)(6), the City accepts as true all well-pleaded allegations contained within Plaintiff's Complaint. The City, however, intends to dispute many of Plaintiff's allegations in the event the Complaint survives dismissal.
[5] *Id.* ¶ 9.
[6] *Id.* ¶11.
[7] *Id.*¶¶ 12-13.
[8] *Id.* ¶15.
[9] *Id.* ¶ 16.

W0098147.

# ARGUMENT

## I. COUNT ONE OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CITY UNDER SECTION 1983 CLAIM.

### A. Legal Standard for Dismissal for Failure to State a Claim.[10]

When presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure (the "Rule(s)") 12(b)(6), this Court conducts a two-part analysis.[11] First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions."[12] The Court need not assume the truth of legal conclusions, nor of "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."[13] Second, the Court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible' claim for relief."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Determining

---

[10] The legal standard set forth herein applies equally to the arguments presented in Argument Part. II *infra*, but is not repeated therein.
[11] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).
[12] *Id.* at 210-11.
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[14] *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).
[15] *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

W0098147.

whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and commonsense."[16]

> **B. Plaintiff Does Not Allege that Any Policy or Custom of the City Caused Her Alleged Constitutional Deprivation as Required by the U.S. Supreme Court's Decision in *Monell v. Dept. of Soc. Svcs. of the City of New York*.**

In *Monell v. Dept. of Soc. Svcs. of the City of New York*, the United States Supreme Court held that the remedy provided by Section 1983 against "any person" who, under color of state law, deprives another of rights protected by the Constitution includes local governments.[17] Local government liability under Section 1983, however, must be based on its own conduct through the adoption of a policy or acquiescence to a custom that caused a constitutional deprivation, and not on principles of vicarious liability based merely on the conduct of individual government employees.[18] Indeed, the mere fact that a local government is the employer of those alleged to have violated a plaintiff's constitutional rights does not automatically give rise to municipal liability under Section 1983.[19] In short, a local government cannot be liable under Section 1983 "unless action pursuant to

---

[16] *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).
[17] *Monell v. Dept. of Soc. Svcs. of the City of New York*, 436 U.S. 658, 690 (1978).
[18] *Id. See also Collins v. City of Harker Heights,* 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").
[19] *Monell*, 436 U.S. at 690 (holding that *respondeat superior* principles do not apply to claims brought under Section 1983).

W0098147.

official municipal policy of some nature caused a constitutional tort."[20] Therefore, to survive a motion to dismiss, a complaint must "identify a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom [its employees] come into contact"[21] and allege "a direct causal link between municipal policy or custom and the alleged constitutional deprivation."[22]

Plaintiff's Complaint fails to identify any policy or custom of the City whatsoever – not to mention an allegation that a policy or custom of the City directly caused her alleged constitutional deprivation. Nowhere in the 23-paragraph Complaint is there any mention or even indirect reference to any policy or custom of the City of any kind. Indeed, the Complaint does not even attempt to set forth bare assertions which purport to meet the requirements set forth in *Monell*. At best, the Complaint alleges that unidentified employees of the City responsible for the maintenance and repair of municipal property acted in such a manner as to deprive Plaintiff of a constitutional right. But, as stated in *Monell*, allegations of constitutionally tortious conduct of the City's employees - without more - do not result in the City's liability under Section 1983. Therefore, Count

---

[20] *Id.* at 691.
[21] *Carswell v. Burough of Homstead,* 381 F.3d 235, 244 (3d Cir. 2004).
[22] *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001).

W0098147.

One of Plaintiff's Complaint fails to meet the "rigorous standards of culpability and causation required for municipal liability" and must be dismissed.[23]

### C. In Any Event, Plaintiff Does Set Forth a Plausible Claim that Her Constitutional Rights Were Violated.

Plaintiff's Section 1983 claim asserting a violation of her right to substantive due process is nothing more than mirror her negligence claim for which there is no constitutional protection and, therefore, no relief under Section 1983. "The touchstone of due process is the protection of the individual against arbitrary action of government."[24] In cases where abusive action by a member of the executive branch is alleged, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense."[25] To generate liability, executive action must be so ill-conceived or malicious that it "shocks the conscience."[26] Critically, under this standard, officials will not be held liable for actions that are merely negligent.[27] Indeed, the United States Supreme Court has "rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and ha[s] held that the Constitution does not guarantee due care

---

[23] *McTernan v. City of York*, 564 F.3d 636, 658–59 (3d Cir. 2009).
[24] *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).
[25] *Miller v. City of Phila.*, 174 F.3d 368, 374-75 (3d Cir. 1999) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)).
[26] *Lewis*, 523 U.S. at 850 (citing, inter alia, *Rochin v. California*, 342 U.S. 165, 172-73 (1952)).
[27] *Id.*

W0098147.

7

on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."[28]

Plaintiff's Complaint does not allege any facts that, even accepted as true, can be said to shock the conscience in a constitutional sense. The "shocks the conscience" standard encompasses "only the most egregious official conduct."[29] Here, Plaintiff relies on the same bare allegations for her Section 1983 claim as she does for her negligence claim.[30] Again, at most, Plaintiff's Complaint avers that, on unidentified dates, unidentified persons received complaints from Plaintiff of unspecified content related to the City Property and those persons did not remedy the "situation" which led to a fire that damaged the Bolden Property.[31] Plaintiff's naked assertions do not even meet the pleading requirements of *Iqbal* and *Twombly* for negligence (*see* Argument Part II *infra*) and certainly does not set forth facts from which the Court could infer that the persons for whom the City is responsible engaged in official conduct so egregious as to shock the conscience.

Nor does Plaintiff's rhetorical characterization of certain conduct as "flagrant"[32] and "blatant,"[33] without alleging any facts to support that characterization, transform Plaintiff's common law tort claim into a constitutional

---

[28] *Id.* at 848-849.
[29] *UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003).
[30] *See* Compl. at ¶¶8-16 and 19-23 (setting forth only legal conclusions that mirror the elements of negligence).
[31] *Id.* ¶¶ 8-16.
[32] *Id.* ¶ 13.
[33] *Id.* ¶18.

deprivation actionable under Section 1983.[34]  Indeed, even Plaintiff's own Complaint avers that the offending acts or omissions, which forms the basis for both of Plaintiff's claims, were merely negligent and does not assert any claim based on – or facts from which the Court could infer – gross negligence, recklessness, willful disregard, or deliberate indifference.[35]  Thus, Plaintiff's substantive due process claim is based on nothing more than allegedly negligent acts and, as a result, fails as a matter of law.[36]

### II. COUNT TWO OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CITY FOR NEGLIGENCE.

#### A. The City is Immune from Suit for Negligence.

Plaintiff's claim against the City for negligence falls squarely within the immunity granted to government entities, such as the City, by Delaware's County and Municipal Tort Claims Act, 10 Del. C. § 4010 *et seq.* (the "MTCA").  The MTCA establishes "broad immunity for local government entities" subject only to specific exceptions set forth therein.[37]  Section 4011(a) of the MTCA provides that "[e]xcept as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking

---

[34] *Twombly*, 550 U.S. at 555 (holding that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." (internal quotations omitted)).
[35] Compl. ¶¶ 20-23.
[36] *Berg v. Cty. of Allegheny*, 219 F.3d 261, 274 (3d Cir. 2000) ("Negligence by public officials is not actionable as a due process violation.") (quoting *Daniels v. Williams*, 474 U.S. 327 (1986)).
[37] *Heaney v. New Castle Cty.*, 672 A.2d 11, 13 (Del. 1995).

recovery of damages."[38] Delaware courts - both federal and state - have repeatedly applied the MTCA to dismiss negligence claims against Delaware municipalities.[39] As such, the City is immune from suit for negligence, and Plaintiff's negligence claim against the City must be dismissed unless Plaintiff has pleaded facts which establish an exception to the immunity granted to the City in the MTCA.

Here, Plaintiff has failed to allege facts necessary to establish any of the exceptions to the immunity granted to the City in the MTCA and, in fact, sets forth allegations that defeat the application of the only plausible exception available under the MTCA. The limited exceptions to the City's immunity from suit for negligence under the MTCA apply only to cases in which the City is alleged to have caused injury:

> (1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.
>
> (2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.
>
> (3) In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants,

---

[38] 10 *Del. C.* § 4011(a).
[39] *See*, *e.g.*, *Triple C Railcar Serv., Inc. v. Wilmington*, C.A. No. 90C-FE-101, 1992 Del. Super. LEXIS 426, at *8 (Del. Super. Sept. 17, 1992) (dismissing negligence claim against City of Wilmington because of the immunity granted to it by the MTCA); *Fiat Motors of N. Am. v. Wilmington*, Civil Action No. 82-691 CMW, 1987 U.S. Dist. LEXIS 7529, at *11 (D. Del. Aug. 20, 1987) (same).

contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water.[40]

These three exceptions "are the only activities as to which municipal immunity is waived"[41] and are "strictly construed . . . so as not to undermine the broad immunity granted by the [MTCA]."[42] The first and third exceptions can be easily disposed of in this case as Plaintiff has not alleged that City-owned equipment[43] was involved or that her property damage was caused by a "sudden and accidental" discharge of the type encompassed by the third exception.[44]

So, Plaintiff's negligence claim only survives application of the MTCA, if at all, if the Complaint alleges facts necessary to state a claim based on the City's maintenance of a public building. It does not. The Delaware Supreme Court in *Moore v. Wilmington Housing Authority* ruled that to qualify as a public building, a structure must 1) fit the ordinary dictionary meaning of the term building; 2) serve a public purpose; and 3) "be open to those members of the public who use it for its

---

[40] 10 *Del. C.* § 4012.
[41] *Fiat Motors of N. Am. v. Wilmington*, 498 A.2d 1062, 1066 (Del. 1985).
[42] *Moore v. Wilm. Hous. Auth.*, 619 A.2d 1166, 1168 (Del. 1993).
[43] *Triple C Railcar Serv. v. City of Wilm.*, 630 A.2d 629, 631 (Del. 1993) (holding that the equipment exception is limited to those items of unusual design or size, such as motor vehicles, aircraft or electric transmission lines, which in their normal use or application pose a particular hazard to members of the public).
[44] *See Harris v. Quickform Concrete Co.*, LLC, No. 03C-10-243WCC, 2007 Del. Super. LEXIS 58, at *25 (Super. Ct. Mar. 2, 2007) ("The exception is narrowly tailored to the discharge of a gas caused by the negligent actions of the City.").

W0098147.

11

intended purpose."[45] In this case, Plaintiff's Complaint does not even claim in a bare or conclusory fashion that the City Property is a public building or even that the City Property contains within its premises any building at all.[46] But assuming *arguendo* that the Court can reasonably infer from the Complaint's simple mention of improvements on the City Property that a building is situated thereon, there are no facts which support even an inference that the City Property serves a public purpose or that the City Property is open to even a limited subset of the public. In fact, the Complaint alleges that the City Property was "boarded up, vacant,"[47] and accessed only by those willing to commit criminal trespass to gain entry therein.[48] These alleged facts render the application of the public building exception to the City's immunity impossible. Indeed, a City-owned property that is "boarded up" and where entry therein by a member of the public will subject them to criminal prosecution cannot be said to be "open to the public."[49] For these reasons, no

---

[45] *Moore*, 619 A.2d at 1175. *See also Windley v. Potts Welding & Boiler Repair Co.*, Civil Action No. 94-432-SLR, 1996 U.S. Dist. LEXIS 693, at *6-8 (D. Del. Jan. 18, 1996) (relying on *Moore*).

[46] Compl. ¶ 9 (alleging that the City-owned property contained "improvements" but providing no additional detail); *see also Moore*, 619 A.2d at 1174(defining "building" and limiting application of the so-called public building exception to structures that meet definition).

[47] Compl. ¶ 11.

[48] *See id.* (alleging that "vagrants, drug users, and other non-resident transient individuals regularly occupied the City Property"); *see also* 11 *Del. C.* § 822 ("A person is guilty of criminal trespass in the second degree when the person knowingly enters or remains unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner manifestly designed to exclude intruders.").

[49] *See Windley*, 1996 U.S. Dist. LEXIS 693, at *6-8 (holding that an electric power generating station building where the public was not permitted entry was not a public building for purposes of 10 *Del. C.* § 4012(2)).

W0098147.

exception to the City's immunity from suit for negligence applies, and Count Two of the Complaint must be dismissed.

### B. Plaintiff Has Not Alleged Facts Necessary to Establish a Legal Duty Owed to Plaintiff by the City.

Even if Plaintiff's negligence claim against the City was not barred by the immunity granted unto it by the MTCA, Plaintiff's Complaint fails to allege that the City owed Plaintiff a legally recognized duty. Under Delaware law, "[i]t is well-settled that negligence is premised upon the existence of a legal duty, a breach of that duty, and injury proximately caused by that breach." Where "government action" is at issue, as it is here, "the duty claimed to be owed to the injured party by a governmental agency or its agents runs to the public at large and not to specific individuals . . . ."[50] This so-called "public duty doctrine" provides that a "municipality ordinarily acts for the benefit of the general public when exercising its police powers, and therefore cannot be held liable for negligence in performing or failing to perform its duties."[51]

Delaware courts have frequently applied the public duty doctrine in cases to hold that a governmental entity did not owe a duty to the specific plaintiff involved

---

[50] *Castellani v. Del. State Police*, 751 A.2d 934, 938 (Del. Super. 1999) (quoting *Johnson v. Indian River School Dist.*, 723 A.2d 1200, 1203 (Del. Super. 1998), *aff'd* 723 A.2d 397 (Del. 1998)), *aff'd* 744 A.2d 987 (Del. 1999) (internal brackets omitted).
[51] *Id.* at 938, n. 12 (quoting *Vanasek v. Duke*, 511 S.E.2d 41, 43-44 (N.C. App. 1999).

- including in cases where the governmental entity is a property owner.[52] Specifically, in *Horvat v. State OMB*, a prospective juror sought to recover damages from the state after she slipped and fell on ice in a public, state-owned parking lot that a state employee had incompletely cleared of ice and snow.[53] In disposing of the prospective juror's claims, the Delaware Superior Court concluded that the public duty doctrine applied and that the state's duty to maintain the state-owned parking lot in a condition free of ice and snow flowed to the public generally and not to the prospective juror specifically – even as an invitee of the state who parked and was walking in the lot designated for jurors by the state.[54] Here, as in *Horvat*, the duty claimed to be owed to Plaintiff by the City is owed, if at all, to the public generally and not to Plaintiff specifically. Therefore, Count Two of Plaintiff's Complaint, having failed to allege facts from which this Court can conclude that the City owed Plaintiff the duty claimed by her, must be dismissed.

---

[52] *See*, *e.g.*, *Horvat v. State OMB*, Civil Action No. S16C-03-003 RFS, 2017 Del. Super. LEXIS 546, at *12 (Del. Super. Oct. 30, 2017) (holding that no duty was owed to specific plaintiff to keep parking lot clear of ice); *Zak v. GPM Invs., LLC*, Civil Action No. K12C-02-010 JTV, 2013 Del. Super LEXIS 166, at *14 (Del. Super. Apr. 30, 2013 (holding that not duty was owed to specific plaintiff to plow snow in a manner that did not obscure drivers' view of traffic); *Castellani*, 751 A.2d. at 938 (holding that not duty was owed to specific plaintiff to regulate traffic at an intersection); *Johnson*, 723 A.2d at 1203 (holding that not duty was owed to specific plaintiff to issue driver's licenses to only qualified drivers).
[53] *Horvat* , 2017 Del. Super. LEXIS 546 at *12.
[54] *Id.* at *14 ("The fact that the Kent County Courthouse Parking Lot was designated for those having court business makes this a closer case, but still does not support the contention that the state had assumed a duty to benefit Plaintiff.").

Additionally, Plaintiff has failed to allege facts necessary to render the exception to the public duty doctrine applicable here. "The public duty doctrine . . . is inapplicable when there is a 'special relationship' between the governmental agency or its agents and injured individual."[55] Such a special relationship only exists when there is:

> (1) an assumption by the governmental agency or its agents, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the governmental agency or its agents that inaction could lead to harm; (3) some form of direct contact between the governmental agency or its agents and the injured party; and (4) that party's justifiable reliance on the affirmative undertaking (of the governmental agency or its agents).[56]

Plaintiff's Complaint does not contain any facts that address any of these elements. In fact, Plaintiff alleges that the City did not respond to her complaints about the City Property.[57] This admission alone renders the special relationship exception inapplicable as the City could not have assumed an affirmative duty (through promises or action) if it did not respond or act at all, and, likewise, Plaintiff could not have relied (and certainly not justifiably relied) upon the City's affirmative undertaking where, as Plaintiff states, there was no response. For these reasons, the public duty doctrine applies, and Plaintiff's negligence claim fails as a matter of law as it fails to allege that the City owed a legally recognized duty to Plaintiff.

---

[55] *Id.* at *13.
[56] *Castellani*, 751 A.2d at 938 (internal quotations omitted).
[57] Compl. ¶ 16.

W0098147.

15

## **CONCLUSION**

Plaintiff's Complaint fails to allege facts that are necessary to set forth a claim for which this Court can grant the relief requested. Plaintiff has failed to, among other things, plead that a municipal policy or custom caused her alleged constitutional deprivation which is necessary to state a Section 1983 claim against the City under *Monell v. Dept. of Soc. Svcs. of the City of New York*. In addition, Plaintiff's negligence claim fails to plead facts from which this Court can conclude that the City is not immune from such claim or conclude that the City owed a duty to Plaintiff. For these reasons, the Court should grant the Motion and dismiss Plaintiff's Complaint in its entirety.

**CITY OF WILMINGTON LAW DEPARTMENT**

    */s/Aaron C. Baker*
Aaron C. Baker, Esquire (No. 5588)
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2186
acbaker@wilmingtonde.gov
*Attorney for Defendant City of Wilmington*

Dated: February 14, 2018