# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE T. BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-74 CJB |
| | ) |
| THE CITY OF WILMINGTON, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT CITY OF WILMINGTON'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Aaron C. Baker, Esquire (No. 5588)
CITY OF WILMINGTON LAW DEPARTMENT
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2186
acbaker@wilmingtonde.gov
*Attorney for Defendant City of Wilmington*

Dated: April 2, 2018

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ...................................................................................................................... 1

   I.   PLAINTIFF IMPERMISSIBLY RELIES ON FACTUAL AVERRMENTS NOT CONTAINED WITHIN HER AMENDED COMPLAINT. ........................................................ 1

   II.  PLAINTIFF ATTEMPTS TO CURE HER FACTUALLY DEFICIENT AMENDED COMPLAINT WITH LEGALLY IMPERMISSIBLE INFERENCES TO ESTABLISH BOTH THE PRIOR EXISTENCE OF A CITY CUSTOM AND ITS CAUSAL CONNECTION TO AN ALLEGED CONSTITUTIONAL DEPRIVATION. ........................................................ 2

   III. PLAINTIFF MISAPPLIES THE STANDARD FOR A CLAIM OF "STATE-CREATED DANGER." ........................................................................................................ 4

   IV.  PLAINTIFF'S APPLICATION OF THE PUBLIC BUILDING EXCEPTION IS CONTARY TO CASE LAW AND WITHOUT FACTUAL SUPPORT. ................................ 6

   V.   THE CITY'S ACQUISITION OF THE CITY PROPERTY IS INSUFFICIENT TO ESTABLISH THAT IT ASSUMED AN AFFIRMATIVE DUTY TO ACT ON BEHALF OF PLAINTIFF. ........................................................................................................................ 6

CONCLUSION ................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. Philadelphia*, 895 F.2d 1469 (3d Cir. 1990) .................................................................. 4

*Bright v. Westmoreland Cty.*, 443 F.3d 276 (3d Cir. 2006) ......................................................... 5, 6

*Di Ienno v. Libbey Glass Div., Owens-Illinois, Inc.*, 668 F. Supp. 373 (D. Del. 1987) ................. 3

*Edwards v. Northampton Cty.*, 663 F. App'x 132 (3d Cir. 2016) .................................................. 3

*Horvat v. State OMB*, No. : S16C-03-003 RFS, 2017 Del. Super. LEXIS 546 (Super. Ct. Oct. 30, 2017) .......................................................................................................................................... 8

*In re Asbestos Prods. Liab. Litig.* (No. VI), 822 F.3d 125 (3d Cir. 2016)...................................... 1

*Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996) ............................................................................. 6

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) ............................................................................ 1

*Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir. 1997) .............................................. 6

*Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A.)*, 768 F.3d 284 (3d Cir. 2014) ..................................................................................................................................... 1

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................... 1

**ARGUMENT**

**I.   PLAINTIFF IMPERMISSIBLY RELIES ON FACTUAL AVERRMENTS NOT CONTAINED WITHIN HER AMENDED COMPLAINT.**

Plaintiff's *Brief in Opposition to Defendant's Motion to Dismiss* [D.I. 14] ("Answering Brief") sets forth and relies upon factual allegations that are not contained within or properly inferred from the contents of Plaintiff's Amended Complaint.[1]  The Third Circuit Court of Appeals has consistently held that "a court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may consider *only* the allegations contained in the pleading to determine its sufficiency."[2]  As such, the new allegations contained within Plaintiff's Answering Brief cannot not be considered by the Court,[3] and will not be addressed below in response to Plaintiff's substantive arguments.

In addition, and for the same reasons as set forth above, Plaintiff's stated beliefs about what she may obtain evidence of through the discovery process is entirely irrelevant to the

---

[1]  *See*, *e.g.,* Answering Brief at 5 (alleging that City employees expressed sympathy for Plaintiff); *id.* at 8 (alleging that Plaintiff she informed City employees of a fire risk); *id.* at 10 (alleging that trespassers were burning candles in the City Property); *id.* (alleging that the rear of the City Property was not boarded up and that trespassers gained access to the City Property through the rear of the property); *id.* 11 (alleging that the City knew that the City Property was vulnerable to fires);  *id.* at 12 (alleging that a "more comprehensive boarding up of the City Property . . . could likely have prevented the fire."); *id.* at 15 (alleging that the City owns numerous properties that it fails to maintain); *id.* (alleging that the City acquiesced in the use of the City Property by trespassers); *id.* at 18 (alleging that Plaintiff was an elected official of the City between 1993 and 2010); *id.* (alleging that Plaintiff relied on an affirmative undertaking of the City).

[2]  *In re Asbestos Prods. Liab. Litig.* (No. VI), 822 F.3d 125, 133 (3d Cir. 2016) (emphasis in original); *see also* a *Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A.)*, 768 F.3d 284, 290 (3d Cir. 2014);  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) ("A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint. The question, then, is whether "the facts alleged in the complaint, even if true, fail to support the . . . claim.").

[3]  *Asbestos*, 822 F.3d at133 (holding that it was procedural error for the district court to consider facts outside the pleadings in response to a motion to dismiss under FRCP 12(b)(6)).

W0099104.

Court's analysis under Federal Rule of Civil Procedure 12(b)(6) where there is no allegation in a complaint of the fact sought to be proven.

    **II.    PLAINTIFF ATTEMPTS TO CURE HER FACTUALLY DEFICIENT AMENDED COMPLAINT WITH LEGALLY IMPERMISSIBLE INFERENCES TO ESTABLISH BOTH THE PRIOR EXISTENCE OF A CITY CUSTOM AND ITS CAUSAL CONNECTION TO AN ALLEGED CONSTITUTIONAL DEPRIVATION.**

As indicated previously, with the exception of Plaintiff's own alleged interactions with City employees or agents, Plaintiff's Amended Complaint is entirely devoid of allegations from which the Court can even infer a municipal policy or custom of the City, and, as a result, the Amended Complaint fails to state a claim against the City based on a municipal policy or custom.[4] In response, Plaintiff abandons the single conclusory allegation of a municipal policy in the Amended Complaint,[5] and attempts to use the alleged circumstances of her individual case to infer the existence of a broader municipal custom and to infer that alleged custom's causal relationship with Plaintiff's alleged constitutional deprivation.[6] More specifically, Plaintiff attempts to convince the Court to infer the existence of a custom and its effect on Plaintiff from her allegations that each of the City employees or agents responded similarly to Plaintiff's complaints.[7] From this, Plaintiff argues that the City employees' or agents' similar responses must have been in accordance with and resulted from a custom of the City and, thereby, establishes both the prior existence of a City custom and its causal connection to Plaintiff's alleged constitutional deprivation.[8] Plaintiff's logical exercise (and resulting inferences), which

---

[4] Op. Br. at 5-9.
[5] Am. Coml. ¶ 31 (alleging that the City's failure to respond to Plaintiff's complaints was "akin to a policy.")
[6] Ans. Br. at 5-6.
[7] *Id.*
[8] *Id.*

W0099104.

amounts to nothing more than the application of the principle of *res ipsa loquitor*,[9] however, has been specifically rejected by the Third Circuit Court of Appeals in civil rights cases.[10] In short, as Plaintiff has not set forth sufficient facts from which this Court can infer both the prior existence of a municipal custom and that such municipal custom was the cause of Plaintiff's alleged constitutional deprivation, the Amended Complaint does not state a valid claim under Section 1983 against the City.

Furthermore, Plaintiff has not alleged or even argued that the Court can infer that the City's policymakers are responsible for the allegedly unconstitutional policy or custom. Indeed, Plaintiff concedes that "she does not currently know who was actually directing the City's agents' actions."[11] Besides relying on an allegation not contained within the Amended Complaint – namely, that someone was directing City employees to ignore Plaintiff's complaints – Plaintiff admits that: 1) the individuals named in the Amended Complaint were not the source of the alleged municipal custom as they themselves were directed to ignore Plaintiff's complaints; and 2) at best, unknown persons of unknown offices within the City are responsible. Therefore, even Plaintiff's attempt to bolster her Amended Complaint with additional facts fails to meet her burden to "show that a policymaker is responsible either for the policy or, through acquiescence, for the custom,"[12] and must be dismissed.

---

[9] "*Res ipsa loquitor*, which is Latin for 'the thing speaks for itself,' is a rule of circumstantial evidence which permits a jury to infer negligence simply from the happening of an accident." *Di Ienno v. Libbey Glass Div., Owens-Illinois, Inc.*, 668 F. Supp. 373, 378 (D. Del. 1987) (citing Del. Unif. R. Evid. § 304(A)(1)). As applied by Plaintiff here, she asks the Court to infer from the mere alleged uniformity of the responses of City employees and agents that a municipal custom exists and caused Plaintiff's constitutional deprivation. Ans. Br. at 5-6.

[10] *Edwards v. Northampton Cty.*, 663 F. App'x 132, 135-36 (3d Cir. 2016).

[11] Ans. Br. at 5.

[12] *Andrews v. Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

W0099104.

### III. PLAINTIFF MISAPPLIES THE STANDARD FOR A CLAIM OF "STATE-CREATED DANGER."

Plaintiff relies on the so-called "state-created danger" doctrine to argue that the City is liable for its alleged failure to act to repair and maintain the premises of the City Property, despite the general rule that the constitutional requirement of due process "imposes no affirmative duty to protect a citizen who is not in state custody."[13] The City does not challenge the general validity of a "state-created danger" claim in this proceeding, but does dispute Plaintiff's application of its requirements to the facts as alleged in the Amended Complaint. The Third Circuit Court of Appeals has established the following essential elements of a meritorious state-created danger claim:

> (1) the harm ultimately caused was foreseeable and fairly direct;
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;
>
> (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and
>
> (4) a state actor *affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.*[14]

For reasons set forth in the City's Opening Brief, Plaintiff's dues process claim mirrors her negligence claim and, therefore, does not shock the conscience for the purposes of the second requirement set forth above.[15]

Furthermore, Plaintiff cannot argue that the Amended Complaint sets forth facts sufficient to meet the require that the City "affirmatively used his or her authority in a way that

---

[13] *Bright v. Westmoreland Cty.*, 443 F.3d 276, 281 (3d Cir. 2006).
[14] *Id.* (emphasis added).
[15] Op. Br. at 9-11.

W0099104.

created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Plaintiff, however, alleges[16] and argues that the City should be liable for its "failure to take remedial actions"[17] in response to Plaintiff's complaints. But "under the fourth element of a state-created danger claim, liability under the state-created danger theory is predicated upon the states' affirmative acts which work to the plaintiffs' detriments in terms of exposure to danger."[18] In fact, "[i]t is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause."[19] Here, Plaintiff alleges that she was placed in exactly the same position – not worse – than she would have been had the City not acted at all because, as she alleges, the City did not act at all.

Plaintiff, however, argues that "an affirmative act is not required under the state-created danger doctrine."[20] The Third Circuit Court of Appeals in *Bright v. Westmoreland County* affirmed, however, that it has "never found a state-created danger claim to be meritorious without an allegation and subsequent showing that state authority was affirmatively exercised" and specifically rejected the plaintiff's reading of its precedent in *Kneipp v. Tedder*[21] and *Morse v. Lower Merion School District*[22] (both of which are relied upon by the Plaintiff here) to suggest otherwise.[23] As such, Plaintiff's readings of those cases in support of the proposition that no affirmative act is required to set forth a claim of state-created danger has been specifically rejected by the Third Circuit Court of Appeals and, likewise, should be rejected by this Court.

---

[16] Am. Compl. ¶ 23.; *id.* ¶28 (alleging damage was caused by "the City's failure to act"); *id.* ¶ 30 (alleging a "blatant failure to act" on the part of the City); *id.* ¶ 31 (alleging a "failure to respond to Plaintiff" and "failures to act")
[17] Ans. Br. at 13.
[18] *Bright*, 443 F.3d 276 at 282.
[19] *Id.*
[20] Ans. Br. at 12.
[21] *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996).
[22] *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 915 (3d Cir. 1997).
[23] *Bright*, 443 F3d at 283.

W0099104.

For these reasons, Plaintiff has failed to state a claim for the violation of her constitutional right to due process based on a state-created danger theory.

## IV. PLAINTIFF'S APPLICATION OF THE PUBLIC BUILDING EXCEPTION IS CONTARY TO CASE LAW AND WITHOUT FACTUAL SUPPORT.

Plaintiff asserts – again with the assistance of facts not contained within the Amended Complaint – that the City holds the City Property for a public purpose (namely, to benefit the community) and that the City acquiesced in third-parties using the City Property as a shelter, *i.e.*, the intended purpose of a townhouse.[24] Plaintiff's assertions are entirely unsupported by the facts set forth in the Amended Complaint and must be rejected. At no point in the Amended Complaint does Plaintiff allege that the City acquiesced or implicitly consented to any person using the City Property for any purpose, and Plaintiff's stated public purpose for the City Property appears for the first time in Plaintiff's Answering Brief and cannot be referenced to any allegation contained within the Amended Complaint.

## V. THE CITY'S ACQUISITION OF THE CITY PROPERTY IS INSUFFICIENT TO ESTABLISH THAT IT ASSUMED AN AFFIRMATIVE DUTY TO ACT ON BEHALF OF PLAINTIFF.

Plaintiff concedes that Delaware's public duty doctrine applies to her case, but attempts to argue that the Amended Complaint sets forth a "special relationship" with the City so as to create a duty to Plaintiff under that doctrine.[25] Plaintiff cannot argue that the Amended Complaint contains any allegations that there was an affirmative undertaking by the City or any reliance whatsoever on the part of Plaintiff in response to any contacts with the City. Instead, Plaintiff relies on the City's acquisition of the City Property as an affirmative undertaking by the

---

[24] Ans. Br. at 15.
[25] *Id.* at 16
W0099104.

City to protect Plaintiff from injury as is the case for any property owner.[26] The question for purposes of the public duty doctrine, however, is not whether the City owed a duty to use reasonable care in the maintenance of the City Property but, rather, to whom the City owes that duty – Plaintiff or the general public. The public-duty doctrine states that the City's duties of care are owed to the general public and not a specific person unless a special relationship can be established.[27] In essence, Plaintiff, when asked what affirmative action the City took to transform the duty it owed to the general public into a duty owed specifically to Plaintiff, restates the duty the City owes to the general public. Delaware courts have rejected this argument. For example, in *Horvat v. State OMB*, a case which Plaintiff fails to distinguish, the Delaware Superior Court concluded that the state's duty to maintain the state-owned parking lot in a condition free of ice and snow flowed to the public generally and not to the prospective juror specifically – even as an invitee of the state who parked and was walking in the lot designated for jurors by the state.[28] In so holding, the court in *Horvat* applied the public-doctrine despite an objection, similar to Plaintiff's here, that "all landowners/possessors have a duty of care owed their invitees to maintain their property in a safe condition which includes the duty to remove snow and ice from a parking lot . . . and this duty does not change simply because the landowner in question is a governmental entity rather than a private person or entity." Therefore, Plaintiff's argument that the duty of the City as a property owner establishes an affirmative undertaking for purposes of establishing a special relationship necessary to avoid the application of the public-duty doctrine is contrary to Delaware law and must fail.

---

[26] Ans. Br. at 16-17.
[27] *Horvat v. State OMB*, No. : S16C-03-003 RFS, 2017 Del. Super. LEXIS 546, at *12 (Super. Ct. Oct. 30, 2017).
[28] *Id.* at *14.

W0099104.

## CONCLUSION

For these reasons, the Court should grant the Motion and dismiss Plaintiff's Amended Complaint in its entirety.

**CITY OF WILMINGTON LAW DEPARTMENT**

*/s/Aaron C. Baker*
Aaron C. Baker, Esquire (No. 5588)
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2186
acbaker@wilmingtonde.gov
*Attorney for Defendant City of Wilmington*

Dated: April 2, 2018