# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| STEPHANIE T. BOLDEN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Civil Action No. 18-74-CJB |
| THE CITY OF WILMINGTON, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM ORDER

Presently before the Court in this case is Plaintiff Stephanie T. Bolden's ("Plaintiff") motion seeking an order from the Court granting Plaintiff 60 days to conduct discovery and to thereafter file a further amended complaint ("Motion"). (D.I. 22) Defendant City of Wilmington ("Defendant" or "the City") opposes the Motion. (D.I. 23) For the reasons set forth below, the Court DENIES Plaintiff's Motion.

## I. BACKGROUND

On January 9, 2018, Plaintiff filed her Complaint in this case, (D.I. 1), and on February 23, 2018, Plaintiff filed an Amended Complaint, (D.I. 10). The Amended Complaint alleged that Plaintiff had been deprived of the right to her property (a residential property in Wilmington, Delaware) without due process of law (Count One) and that Defendant had acted negligently with regard to that property (Count Two). (D.I. 10)[1]

On March 9, 2018, Defendant filed a motion to dismiss the Amended Complaint. (D.I. 11) On January 8, 2019, the Court issued a Memorandum Opinion and Order (the "January 8, 2019 opinion") dismissing the claims in the Amended Complaint with prejudice, with the exception of Count One's *Monell* claim; as to that *Monell* claim, while the Court ruled that Plaintiff had not yet pleaded facts setting out a plausible claim, it noted that "it is not absolutely

---

[1] The parties have jointly consented to the Court's jurisdiction to conduct all proceedings in the case, including trial, the entry of final judgment, and all post-trial proceedings. (D.I. 7)

clear to the Court that Plaintiff could not overcome the pleading deficiency regarding her allegations as to a municipal custom." (D.I. 20 at 15-16) Therefore, the Court provided Plaintiff with "one further opportunity to amend [her] *Monell* claim in that regard"; it ordered that Plaintiff must "file a Second Amended Complaint no later than January 22, 2019" and that "[f]ailure to do so will result in complete dismissal of this action." (*Id.* at 16 (original emphasis omitted))

Plaintiff filed the instant Motion on January 22, 2019. (D.I. 22) Defendant filed an answering brief opposing the Motion on February 5, 2019. (D.I. 23) Plaintiff did not file a reply brief.

## II. DISCUSSION

In her Motion, Plaintiff noted that in the Court's January 8, 2019 opinion, the Court found Count One's *Monell* claim to be deficient in part because "Plaintiff relies solely on her personal experience with one property in asserting that the City has a custom of ignoring complaints and not repairing its properties[]" and there were "no facts pleaded about other city properties to suggest that Plaintiff's experience is part of a pattern[,]" such that Plaintiff's allegations were insufficient to "establish a City 'custom' under the law." (D.I. 20 at 7 (*cited in* D.I. 22 at ¶ 4)) Plaintiff now asserts that she "believes the City owns many properties in similar condition and disrepair as the property adjacent to her own [i.e., the property that allegedly, due to City neglect, caught fire in 2017 and damaged Plaintiff's property], and that [the City's] practice with regard to those properties would evidence a municipal custom similar to what Plaintiff alleges occurred in her situation." (D.I. 22 at ¶ 7) But Plaintiff acknowledges that she currently "lacks substantial factual basis to identify with sufficient specificity the addresses of these properties, any complaints about their condition the City may have received, and the City's response thereto, if any[]" and that this "lack of this information is fatal to Plaintiff's Complaint." (*Id.* at ¶¶ 8, 10) Plaintiff therefore "asks that she be granted 60 days to conduct discovery and to amend the Complaint." (*Id.* at ¶ 11)

2

However, Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Indeed, generally "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(d)(1). In a circumstance like this one, a plaintiff is first required to make factual allegations in her complaint that permit the "plausible inference [that *Monell* liability exists] before [she] can obtain discovery." *Doe v. Delaware, Dep't of Servs. for Children, Youth & Their Families*, Civ. No. 15-963-LPS, 2016 WL 5416679, at *5 (D. Del. Sept. 27, 2016). If she cannot do so, then her claim must be dismissed. *Id.* (dismissing the plaintiffs' *Monell* claim against the City of Wilmington where the plaintiffs acknowledged that "without discovery, they cannot state with certainty whether the City's alleged conduct constitutes a single act or is part of a broader policy" and denying the plaintiffs' request for discovery in order to aid in further amending the complaint); *cf. Brown v. Coupe*, C.A. No. 16-271-LPS, 2017 WL 1137466, at *4 (D. Del. Mar. 27, 2017) (dismissing the plaintiff's complaint against certain state defendants for failure to allege a plausible claim pursuant to 42 U.S.C. § 1983, and rejecting the plaintiff's request to take discovery in the absence of a plausible allegation). To permit otherwise would turn the pleading requirements set out in the Federal Rules of Civil Procedure on their head.

## III. CONCLUSION

For the reasons set out above, the Court DENIES Plaintiff's Motion. In light of that, and in light of the fact that Plaintiff did not file a Second Amended Complaint by January 22, 2019 (and acknowledges that she cannot do so absent being permitted to seek discovery), the Court ORDERS that the instant case be closed. The Clerk of the Court is thus directed to close the case.

Dated: March 12, 2019

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE